*668 OPINION.
Van Fossan :
The petitioner in this case sets out as its sole ground of error that the respondent “ refused to permit the taxpayer to take reasonable salaries as a deduction ” in the year 1918. An examination of the evidence, however, reveals little or no substantiation of the reasonableness of the amounts alleged to have been paid. The fact that salaries formerly paid were inadequate to meet living demands, as recited in the resolutions, does not demonstrate that the increased amounts are reasonable. Where issue is joined on the question of reasonableness, it must be proven. On this ground, therefore, it is necessary to sustain the Commissioner.
The evidence presents a further ground on which it would probably be necessary to rule against petitioner. The testimony is almost entirely directed to an attempt to establish the fact of corporate authorization in 1918 of the salary increases and of a corporate obligation to pay them. From a consideration of the resolutions appearing in the record and the testimony of the witnesses, we are convinced that there was no corporate authorization of the salary increases within the taxable year or any other action creating such an obligation as would authorize the deduction of the additional amounts. See Appeals of Melrose Granite Co., 2 B. T. A. 113; Van DeKamps Holland Dutch Bakers, 2 B. T. A. 1247; Lars J. Fiksdal Co., 3 B. T. A. 398; Gray Printing Co., 4 B. T. A. 1264.

Judgment will loe entered for the respondent.

Considered by MaRquette and Phillips.